UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| JERMAINE EUGENE, § | |
| § | |
| *Plaintiff*, § | |
| v. § | |
| § | |
| § | CIVIL ACTION NO. 7:22-cv-76 |
| AFD PETROLEUM LTD., AFD § | |
| PETROLUEM (TEXAS) INC., § | |
| ALASKA FUEL DISTRIBUTORS § | |
| INC., and AFD HOLDINGS INC., § | |
| § | |
| *Defendants*. § | |

**PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT
PURSUANT TO RULE 54(b)**

Plaintiff Jermaine Eugene ("Plaintiff") files this Motion for Entry of Final Judgment Pursuant to Rule 54(b), seeking certification of the Court's order dismissing Defendant AFD Petroleum Ltd. ("AFD Canada") for lack of personal jurisdiction. Defendant opposes this Motion because it believes appeal is inappropriate at this time. In support of this motion, Plaintiff respectfully shows the Court the following:

### I. INTRODUCTION

This suit concerns workplace discrimination suffered by Plaintiff Eugene at Defendants' Midland worksite. Plaintiff contends that this suit arises out of the purposeful contacts of Defendant AFD Canada with this forum, such that it is subject to the specific jurisdiction of this Court. The Court disagreed and granted AFD Canada's Motion to Dismiss for lack of personal jurisdiction, and further affirmed such dismissal by denying Plaintiff's Motion for Reconsideration. *See* (Dkt. No. 38; Dkt. No. 43). Plaintiff subsequently filed a Notice of Appeal (Dkt. No. 44), which AFD Canada opposed because the order dismissing AFD Canada was

interlocutory in nature. The Fifth Circuit agreed and granted AFD Canada's Motion to Dismiss the appeal. Plaintiff thus files the present Motion, seeking certification that the Court's order dismissing AFD Canada is a final judgment pursuant to Federal Rule of Civil Procedure 54(b).

## II.    ARGUMENTS AND AUTHORITIES

### A. Applicable Law

Federal Rule of Civil Procedure 54(b) states in pertinent part that "[w]hen an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b). "In a case involving multiple parties, dismissal of one party is not appealable absent a certification by the district court that complies with Federal Rule of Civil Procedure 54(b)." *Seahorse Boat & Barge Corp. v. Jacksonville Shipyards, Inc.*, 617 F.2d 396, 397 (5th Cir. 1980). If a party wishes to appeal an interlocutory order that dismisses one defendant, "it must ask the district court to enter 'a final judgment as to one or more, but fewer than all, claims or parties,' and the court should do so, provided 'there is no just reason for delay.'" *Williams v. Seidenbach*, 958 F.3d 341, 347 (5th Cir. 2020) (quoting FED. R. CIV. P. 54(b)).

"Rule 54(b) judgments are frequently entered in the context of personal jurisdiction rulings." *Guzman v. Mem'l Hermann Hosp. Sys.*, No. CIV.A. H-07-03973, 2009 WL 3837042, at *9 (S.D. Tex. Nov. 12, 2009). Indeed, "[o]ne would be hard-pressed to find a decision in which a court denied Rule 54(b) certification after dismissing a party for lack of personal jurisdiction." *Animale Grp., Inc. v. Sunny's Perfume, Inc.*, No. CIV A 507-CV-13, 2007 WL 2010476, at *1 (S.D. Tex. July 5, 2007). "This result has been deemed particularly appropriate in [the personal

jurisdiction] context since the initial appeal will resolve issues relevant to only the dismissed party, rather than substantive law issues relevant to the underlying suit; as such, the appellate process may be bifurcated, but not duplicative." *Id*. The entry of judgment under Rule 54(b) when a defendant is dismissed for lack of personal jurisdiction "would not lead the appellate court to decide the same issues more than once…[i]nstead, the entry of such a judgment might obviate the need for a second trial." *Anderson v. T & D Mach. Handling, Inc.*, No. CIV.A. 94-3188, 1995 WL 602889, at *1 (E.D. La. Oct. 12, 1995), aff'd sub nom. *Anderson v. T & D Mach. Handing Inc*., 85 F.3d 625 (5th Cir. 1996).

### B. Certification Under Rule 54(b) is Appropriate in this Case

As the case law cited above notes, certification under Rule 54(b) is particularly appropriate in the context of a dismissal for lack of personal jurisdiction. Currently, Plaintiff has no remedy for the Court's final judgment that AFD Canada cannot be a party to this suit. If Plaintiff is unable to seek appellate review of this determination until after trial, a reversal by the appellate court would result in a new trial. Furthermore, the factors involved in determining whether AFD Canada is subject to the specific jurisdiction of this Court are narrowly tailored to only that party. Thus, the appellate court would not be asked to decide the same issue more than once, nor would it be asked to decide the substantive law issues relevant to the underlying suit. Accordingly, there is no just reason for delay of a final judgment dismissing AFD Canada for lack of personal jurisdiction.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court certify its order dismissing AFD Canada as a final judgment pursuant to Rule 54(b). Plaintiff requests all further relief to which he is justly entitled.

Dated: July 18, 2023               Respectfully submitted,

                                                               */s/ J. Sebastian Van Coevorden*
                                                               Jay D. Ellwanger
                                                               Texas State Bar No. 24036522
                                                               jellwanger@equalrights.law
                                                               David W. Henderson
                                                               Texas State Bar No. 24032292
                                                               dhenderson@equalrights.law
                                                               J. Sebastian Van Coevorden
                                                               Texas State Bar No. 24128101
                                                               svancoevorden@equalrights.law
                                                               **ELLWANGER HENDERSON LLLP**
                                                               400 S. Zang Blvd., Ste. 600
                                                               Dallas, TX 75208
                                                               Telephone: (469) 998-6775
                                                               Facsimile: (469) 998-6775

                                                               *COUNSEL FOR PLAINTIFF*

## **CERTIFICATE OF SERVICE**

     I hereby certify that on July 18, 2023, a true and correct copy of the above and foregoing document was served on all counsel of record via the Court's ECF system.

                                                               */s/ J. Sebastian Van Coevorden*
                                                                 J. Sebastian Van Coevorden

## **CERTIFICATE OF CONFERENCE**

     I hereby certify that on July 7, 2023, the undersigned counsel for Plaintiff conferred via email and telephone with Travis Odom, counsel for Defendants, regarding this Motion. Counsel stated they were opposed.

                                                                */s/ Toby W.Costas*
                                                                 Toby W. Costas