IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **JERMAINE EUGENE,**<br>　　*Plaintiff*, | §<br>§<br>§ | |
| v. | §<br>§ | MO:22-CV-00076-DC |
| **AFD PETROLEUM LTD., AFD PETROLEUM (TEXAS) INC., ALASKA FUEL DISTRIBUTORS INC., AFD HOLDINGS INC.,**<br>　　*Defendants.* | §<br>§<br>§<br>§<br>§<br>§ | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Jermaine Eugene was employed by AFD Petroleum (Texas) Inc. ("AFD Texas") in its Midland, Texas facility. While working in that facility, Plaintiff, an African-American man, alleges he endured racial slurs and derogatory language and was discriminated against on work assignments and pay opportunities because of his race. And when Plaintiff sought to report the discrimination against him, he claims he was constructively fired in retaliation.

Plaintiff sued AFD Texas and three related entities for employment discrimination and retaliation under 42 U.S.C. § 1981: AFD Petroleum LTD. ("AFD Canada"); Alaska Fuel Distributors Inc.; and AFD Holdings Inc. ("AFD Holdings") (together, "Defendants").[1] The following chart illustrates Defendants' corporate structure:

---

[1] Alaska Fuel Distributors Inc. is not defined because it is not relevant to the Court's analysis.



AFD Holdings, like AFD Canada is a Canadian company, incorporated and headquartered in Edmonton, Canada. This Court has dismissed Plaintiff's claims against AFD Canada for lack of personal jurisdiction.[2] AFD Holdings now moves for dismissal, asserting a lack of personal jurisdiction and failure to state a claim.

The United States Magistrate Judge's Report and Recommendation ("R&R") found that this Court lacks personal jurisdiction over AFD Holdings, and that Plaintiff has failed to state a claim.[3] Plaintiff objected to the R&R, arguing that Texas's long-arm statute provides

---

[2] Doc. 38.
[3] Doc. 50 at 14.

personal jurisdiction over AFD Holdings. After considering the entire record and conducting a de novo review, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the R&R's, and **GRANTS** AFD Holdings' Motion to Dismiss for lack of personal jurisdiction.

## LEGAL STANDARD

### I. Objecting to a Magistrate Judge's report and recommendation.

A party may object to a Magistrate Judge's report and recommendations by filing written objections within 14 days after being served with a copy of the report and recommendations.[4] Failure to file written objections to the R&R within the required period bars that party from requesting that the district court review the R&R de novo.[5] A party's failure to timely object to the R&R also bars the party from seeking appellate review of proposed factual findings and legal conclusions accepted by the district court unless there is clear error to which no objections were filed.[6]

### II. Motion to dismiss for lack of personal jurisdiction.

Federal Rule of Civil Procedure 12(b)(2) permits a court to dismiss claims against a defendant who is not subject to the court's personal jurisdiction. Under 28 U.S.C. § 1332(a), a federal court may exercise jurisdiction over a nonresident defendant if (1) the long-arm statute of the forum state confers personal jurisdiction over the defendant, and (2) the exercise of personal jurisdiction conforms with the due process guarantees of the United States Constitution.[7] Because the Texas long-arm statute extends jurisdiction "as far as the

---

[4] 28 U.S.C. § 636(b)(1).
[5] *Id.*
[6] *Id.*; *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *United States v. Wilson*, 864 F.2d 1219 (5th Cir. 1989) (per curiam).
[7] *See Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 869 (5th Cir. 2000).

federal constitutional requirements of due process will permit," federal courts sitting in Texas need only consider the second step of the analysis.[8]

The Fifth Amendment's Due Process Clause permits a federal court to exercise personal jurisdiction over a nonresident defendant if that defendant had "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."[9]

The plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident defendant.[10] But when a court rules on the issue without a full evidentiary hearing, a plaintiff need only make a prima facie showing.[11] And if the plaintiff does so, the burden shifts to the nonresident defendant to prove that exercising personal jurisdiction would offend traditional notions of fair play and substantial justice.[12]

### III. Motion to dismiss for failure to state a claim.

Under Rule 12(b)(6) of Federal Rules of Civil Procedure, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[13] "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true

---

[8] *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002) (quoting *U-Anchor Advert., Inc. v. Burt*, 553 S.W.2d 760, 762 (Tex. 1977)); *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 220 (5th Cir. 2012).
[9] *Douglass* 46 F.4th at 233, 235.
[10] *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994).
[11] *Id.*
[12] *Id.*
[13] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).

'raise a right to relief above the speculative level.'"[14] In other words, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[15]

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[16] "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[17] A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[18] A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim."[19] But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint.[20] "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'"[21]

---

[14] *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[16] *Id.*
[17] *Id.*
[18] *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted).
[19] *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).
[20] *Dorsey,* 540 F.3d at 338.
[21] *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

## DISCUSSION

Plaintiff's objection to the R&R's finding on lack of personal jurisdiction centers on the argument that AFD Holdings recruited Texas residents for employment through its intermediary, AFD Canada, in line with Texas's long-arm statute. The Texas long-arm statute extends to a non-resident business "that recruits Texas residents, directly or through an intermediary located in this state, for employment inside or outside this state."[22] Plaintiff therefore argues that AFD Canada, which is 100% owned by AFD Holdings, and AFD Canada' vice president "indisputably recruited Texas residents for employment."[23] Thus, Texas's long-arm statute is satisfied, and the Court should have personal jurisdiction.

Yet Plaintiff's argument contains a glaring deficiency: the Texas long-arm statute extends to non-resident businesses recruiting Texas residents "through an intermediary *located in this state*."[24] As the Court stated above, and like its name should have revealed, AFD Canada, although AFD Holdings' intermediary, is not "an intermediary located in [Texas]." What's more, the sole authority Plaintiff provides to bolster his argument, *Gonsalez Moreno v. Milk Train, Inc.*, only reinforces this point.[25] There, Milk Train, a dairy located in New York, recruited the plaintiffs through AG-Labor Services, "a farm-labor contracting agency based in Texas."[26] So of course Milk Train would be subject to the court's jurisdiction through the Texas long-arm statute because AG-Labor Services was "an intermediary located in the state." But that's not the case here.

---

[22] TEX. CIV. P. & REM CODE § 17.042.
[23] Doc. 57 at 2.
[24] TEX. CIV. P. & REM CODE § 17.042 (emphasis added).
[25] 182 F. Supp. 2d 590 (W.D. Tex. 2002).
[26] *Id.* at 592.

In short, Plaintiff's sole stated objection to the R&R's finding of lack of personal jurisdiction is unavailing. As a result, the Court **ADOPTS** the R&R's findings and recommendations on AFD Holdings' Motion to Dismiss for Lack of Personal Jurisdiction.[27]

It is therefore **ORDERED** that Defendant AFD Holdings Inc.'s Motion to Dismiss is **GRANTED** and Plaintiff's claims against AFD Holdings Inc. be **DISMISSED**. (Doc. 27).

It is so **ORDERED**.

SIGNED this 26th day of August, 2023.

DAVID COUNTS
UNITED STATES DISTRICT JUDGE

---

[27] Because the Court lacks personal jurisdiction over AFD Holdings Inc., it need not analyze whether dismissal is also proper under Rule 12(b)(6).