IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **JERMAINE EUGENE,**<br>　　*Plaintiff*, | § § § | |
| **v.** | § § § § | MO:22-CV-00076-DC |
| **AFD PETROLEUM LTD., AFD PETROLEUM (TEXAS) INC., ALASKA FUEL DISTRIBUTORS INC., AFD HOLDINGS INC.,**<br>　　*Defendants.* | § § § § § § | |

## ORDER REJECTING REPORT AND RECOMMENDATION

Plaintiff Jermaine Eugene was employed by AFD Petroleum (Texas) Inc. ("AFD Texas") in its Midland, Texas facility. While working in that facility, Plaintiff, an African-American man, alleges he endured racial slurs and derogatory language and was discriminated against on work assignments and pay opportunities because of his race. And when Plaintiff sought to report the discrimination against him, he claims he was constructively fired in retaliation.

Plaintiff sued AFD Texas and three related entities for employment discrimination and retaliation under 42 U.S.C. § 1981: AFD Petroleum LTD. ("AFD Canada"); Alaska Fuel Distributors Inc. ("Alaska Fuel"); and AFD Holdings Inc. ("AFD Holdings") (together, "Defendants"). The following chart illustrates Defendants' corporate structure:



Alaska Fuel is an Alaskan company, incorporated and headquartered in Fairbanks, Alaska. This Court has dismissed Plaintiff's claims against AFD Canada and AFD Holdings, both Canadian companies, for lack of personal jurisdiction.[1] Alaska Fuel now moves for dismissal, asserting a lack of personal jurisdiction and failure to state a claim.

The United States Magistrate Judge's Report and Recommendation ("R&R") found that this Court has personal jurisdiction over Alaska Fuel, and that Plaintiff has failed to state a claim, but should be given a chance to amend his pleadings.[2] Both Parties have objected to

---

[1] Docs. 38, 66.
[2] Doc. 51.

the R&R. After considering the entire record and conducting a de novo review, the Court **SUSTAINS** Alaska Fuels objections, **REJECTS** the R&R, and **GRANTS** Alaska Fuel's Motion to Dismiss for lack of personal jurisdiction.

## LEGAL STANDARD

### I. Objecting to a Magistrate Judge's report and recommendation.

A party may object to a Magistrate Judge's report and recommendations by filing written objections within 14 days after being served with a copy of the report and recommendations.[3] Failure to file written objections to the R&R within the required period bars that party from requesting that the district court review the R&R de novo.[4] A party's failure to timely object to the R&R also bars the party from seeking appellate review of proposed factual findings and legal conclusions accepted by the district court unless there is clear error to which no objections were filed.[5]

### II. Motion to dismiss for lack of personal jurisdiction.

Federal Rule of Civil Procedure 12(b)(2) permits a court to dismiss claims against a defendant who is not subject to the court's personal jurisdiction. Under 28 U.S.C. § 1332(a), a federal court may exercise jurisdiction over a nonresident defendant if (1) the long-arm statute of the forum state confers personal jurisdiction over the defendant, and (2) the exercise of personal jurisdiction conforms with the due process guarantees of the United States Constitution.[6] Because the Texas long-arm statute extends jurisdiction "as far as the

---

[3] 28 U.S.C. § 636(b)(1).
[4] *Id.*
[5] *Id.*; *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *United States v. Wilson*, 864 F.2d 1219 (5th Cir. 1989) (per curiam).
[6] *See Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 869 (5th Cir. 2000).

3

federal constitutional requirements of due process will permit," federal courts sitting in Texas need only consider the second step of the analysis.[7]

The Fifth Amendment's Due Process Clause permits a federal court to exercise personal jurisdiction over a nonresident defendant if that defendant had "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."[8]

The plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident defendant.[9] But when a court rules on the issue without a full evidentiary hearing, a plaintiff need only make a prima facie showing.[10] And if the plaintiff does so, the burden shifts to the nonresident defendant to prove that exercising personal jurisdiction would offend traditional notions of fair play and substantial justice.[11]

### III.  Motion to dismiss for failure to state a claim.

Under Rule 12(b)(6) of Federal Rules of Civil Procedure, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[12] "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true

---

[7] *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002) (quoting *U-Anchor Advert., Inc. v. Burt*, 553 S.W.2d 760, 762 (Tex. 1977)); *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 220 (5th Cir. 2012).
[8] *Douglass v. Nippon Yusen Kabushiki Kaisha*, 46 F.4th 226, 233, 235 (5th Cir. 2022).
[9] *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994).
[10] *Id.*
[11] *Id.*
[12] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).

'raise a right to relief above the speculative level.'"[13] In other words, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[14]

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15] "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[16] A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[17] A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim."[18] But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint.[19] "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'"[20]

---

[13] *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[15] *Id.*
[16] *Id.*
[17] *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted).
[18] *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).
[19] *Dorsey,* 540 F.3d at 338.
[20] *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

## DISCUSSION

Starting with Alaska Fuel's 12(b)(2) motion, personal jurisdiction comes in two types: general and specific. General jurisdiction is not in dispute; the issues here revolve around specific jurisdiction. Under the Fifth Circuit's three-step inquiry, a court may exercise specific jurisdiction over a nonresident defendant when:

> (1) the defendant "purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there";
>
> (2) "the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts"; and
>
> (3) exercising personal jurisdiction over the defendant "is fair and reasonable."[21]

The Court starts with the second factor because it is the most telling.

### I. Does Plaintiff's cause of action relate to Alaska Fuel's contacts with the forum?

First, for the "cause of action," Plaintiff asserts various employment discrimination claims, alleging he faced racial slurs and received discriminatory work assignments and unequal pay because of his race, all in violation of 42 U.S.C. § 1981. In short, race discrimination.

Next, Alaska Fuel's contacts in Texas conduct must result from or "relate to" the race discrimination Plaintiff allegedly endured.[22] The R&R mainly discusses two sets of evidence for Alaska Fuel's contacts with the forum: (1) emails between Alaska Fuel and AFD Texas related to payroll in October 2017, and (2) a single email from Alaska Fuel to AFD Texas asking for copies of the Confidentiality Agreement, Vehicle Policy, Company

---

[21] *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 484 (5th Cir. 2008) (using these three factors to establish whether a defendant had the constitutionally required "minimum contacts" with the forum state).
[22] *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1025 (2021).

Property, and Electronic Policy.[23] The R&R concludes that the evidence, consisting of three emails about bridging the payroll gap until AFD Texas's payroll was up and running and one email asking for generic corporate agreements, is sufficient to establish personal jurisdiction over Alaska Fuel.

Certainly a "strict causal relationship" is not required; a non-resident defendant's contacts can be just "related to" the plaintiff's cause of action. But like the *Ford* Court warned, "[t]hat does not mean anything goes. In the sphere of specific jurisdiction, the phrase 'relate to' incorporates real limits, as it must to adequately protect defendants foreign to a forum."[24] In other words, there must be "'connection' between a plaintiff's suit and a defendant's activities."[25] And this case is factually a far cry from "a global car company, extensively serving the state market [for] a vehicle."[26]

Looking at the evidence de novo, the question is whether it is sufficient to confer personal jurisdiction. This Court reasons that it is not.

Much of the Parties' arguments center on the payroll emails, which Plaintiff claims are sufficiently related to his claims because part of his claims revolve around underpayment because of his race.[27] Yet there are a few problems with that argument. For one thing, running payroll involves multiplying the number of hours that an employee worked by that employee's hourly rate. For example, an employee with an hourly rate of $25, who works 35 hours a week for two weeks, would earn gross compensation of $1,750 ($25 X 70 hours). According to Plaintiff, his underpayment claim stems from not receiving certain work

---

[23] Doc. 30, Ex. 1 at 6–10; Doc. 31, Ex. 1.
[24] *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1026 (2021).
[25] *Id.*
[26] *Id.* at 1028.
[27] Doc. 28 at 8.

7

assignments because of discrimination, thus meaning less hours worked reported for payroll.[28] Put another way, Plaintiff's allegation is not that payroll discriminated against him by giving him less money than what he earned, it's that he could have earned more if he was given better work assignments. The key then is not who runs payroll, but who assigns what assignments and to whom, which in turn could result in more hours and the potential for overtime pay. But there's no evidence Alaska Fuel decided or had any input into what work assignments Plaintiff did or did not receive.[29]

What's more, there doesn't appear to be any evidence that Alaska Fuel was even operating payroll for AFD Texas when the alleged underpayment occurred. Besides alleging the discrimination occurred "throughout" his employment, all Plaintiff's complaint reveals about a specific time that the discrimination began is "[b]y or around March 2018, Plaintiff had made numerous attempts to stop the discriminatory assignments and hostile work environment by reporting these issues directly to non-Black management at [AFD Texas's] Midland facility."[30]

Likewise, Plaintiff alleged that in April 2018 he "began noticing that his work shift assignments had been dramatically reduced," which caused him to receive "significantly reduced compensation because he was denied the ability to work enough hours to receive his regular pay."[31] The three emails about setting up AFD Texas's payroll and bridging the gap occurred at the beginning of October 2017, some five to six months before the dates listed in Plaintiff's complaint.

---

[28] Doc. 8 at 6.
[29] In fact, Plaintiff's complaint alleges it was AFD Texas's non-Black management in Midland that refused to assign him more work, not Alaska Fuel's management.
[30] Doc. 8 at 6.
[31] *Id.*

In short, Plaintiff's argument appears to be that payroll has to do with employment, and the discrimination he allegedly endured has to do with employment, therefore, the three emails about payroll between Alaska Fuel and AFD Texas and other items are related to his racial discrimination cause of action. That is too attenuated. The cause of action and Alaska Fuel's contacts must be related, not both related to some broad concept (employment). Put simply, A must relate to B, not A and B both relate to C but not each other.

So in sum, the evidence does not establish that Plaintiff's cause of action relates to Alaska Fuel's contacts with the forum. Plaintiff has revealed no evidence, even after jurisdictional discovery, that Alaska Fuel was responsible for, involved in, or was even aware of the alleged racial discrimination and retaliation that Plaintiff endured. Meaning, Plaintiff has not shown how Alaska Fuel's contacts relate to his cause of action. Conclusory allegations and statements are not enough.[32]

## CONCLUSION

As a result, the Court **REJECTS** the R&R's findings and recommendations on AFD Holdings' Motion to Dismiss for Lack of Personal Jurisdiction.[33]

---

[32] *See Innova Hosp. San Antonio, L.P. v. Blue Cross and Blue Shield of Georgia, Inc.*, 995 F. Supp. 2d 587, 615 (N.D. Tex. 2014) ("[C]ourt must accept jurisdictional allegations in the complaint as true, but the court need not credit conclusory allegations, even if uncontroverted.")

[33] Because the Court lacks personal jurisdiction over Alaska Fuel, it need not analyze whether dismissal is also proper under Rule 12(b)(6).

It is therefore **ORDERED** that Defendant Alaska Fuel Distributors Inc.'s Motion to Dismiss is **GRANTED** and Plaintiff's claims against Alaska Fuel Distributors Inc. be **DISMISSED** without prejudice. (Doc. 21).

It is so **ORDERED**.

SIGNED this 3rd day of September, 2023.

DAVID COUNTS
UNITED STATES DISTRICT JUDGE